ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
BENJAMIN L. TOMPKINS (SBN PENDING / D.C. Bar No. 474906)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6165
    Facsimile: (213) 894-0015
    E-mail: Benjamin.Tompkins@usdoj.gov

Attorneys for Petitioner
United States of America

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV14-5702 mmm-SH |
| Petitioner, | PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF REVENUE OFFICER A. NADRES IN SUPPORT THEREOF |
| v. | |
| IVORY M. STUCKEY, | |
| Respondent. | |
| | [Exhibits redacted to exclude personal identifiers pursuant to Fed. R. Civ. P. 5.2 and Local Rule 5.2-1 |

Petitioner states:

1.     This proceeding to judicially enforce an Internal Revenue Service administrative summons is brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a). The IRS has properly served Respondent Ivory M. Stuckey with a summons, and Respondent has failed to produce the requested documents and to appear and give testimony.

2.     Respondent resides or conducts business or both in the federal judicial district of the Central District of California.

3.     The IRS is, and at all relevant times was, conducting an investigation regarding the federal tax liabilities for the taxpayer and periods or years described on the summons. A true and correct copy of the summons is attached as Exhibit 1 to the attached Declaration of A. Nadres (redacted to exclude personal identifiers).

4.     In connection with this investigation, the summons was issued and served in accordance with law on Respondent in the manner described in the Certificate of Service.  A true and correct copy of the Certificate of Service is attached as Exhibit 2 to the attached Declaration.

5.     Respondent has failed to give testimony and to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.  Furthermore, the Respondent failed to respond to a "last chance" letter that the IRS provided after she failed to respond to the summons.  A true and correct copy of this letter is attached as Exhibit 3 to the Declaration (redacted to exclude personal identifiers).

6.     The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

7.     All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

8.     The testimony and the books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.

9.     No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice.  In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer.

WHEREFORE, Petitioner requests the Court to enforce the IRS administrative summons as follows:

1        A.    Respondent be ordered to appear and show cause before this Court why

2    Respondent should not be compelled to give testimony and to produce the books,

3    records, papers, and other data as specified in the summons;

4        B.    That Respondent be ordered by this Court to appear before an authorized

5    representative of the IRS at a time and place to be determined by the IRS and to give

6    testimony and to produce the books, records, papers, and other data as specified in the

7    summons; and

8        C.    That the Court grant the Petitioner its costs in this proceeding and such

9    other and further relief as may be just and proper.

10

11    Dated: <u>July 22, 2014</u>          Respectfully submitted,

12                          ANDRÉ BIROTTE JR.
                      United States Attorney

13                          SANDRA R. BROWN
                      Assistant United States Attorney

14                          Chief, Tax Division

15

16                                  /s/

17                          BENJAMIN L. TOMPKINS
                      Assistant United States Attorney

18                          Attorneys for Petitioner
                      UNITED STATES OF AMERICA

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

26 U.S.C. § 7602(a) grants the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--
>
> 1.   To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> 2.   To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
>
> 3.   To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

*See also Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999).

26 U.S.C. §§ 7402(b) and 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt, compliance with the IRS summonses. *See also United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). An

4

1  IRS summons is issued administratively, "but its enforcement is only by federal court
2  authority in 'an adversary proceeding' affording the opportunity for challenge and
3  'complete protection to the witness.'" *United States v. Church of Scientology of*
4  *California*, 520 F.2d 818, 821 (9th Cir. 1975) (quoting *Donaldson v. United States*, 400
5  U.S. 517, 525, 91 S. Ct. 534, 539, 27 L. Ed. 2d 459 (1971)).

6       Because the enforcement of an IRS summons invokes the process of the court, the
7  court will not enforce a summons if it would constitute an abuse of process. *United*
8  *States v. Powell*, 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d 112 (1964). Such an
9  abuse would occur if the summons was issued for an improper purpose, such as, for
10 example, to harass the taxpayer. *Id.*, 379 U.S. at 58; *United States v. Stuart*, 489 U.S.
11 353, 360, 109 S. Ct. 1183, 1188, 103 L. Ed. 2d 388 (1989). Accordingly, to obtain
12 enforcement of an IRS summons, the government is required to make a *prima facie* case
13 for enforcement of the summons. *Crystal*, 172 F.3d at 1143-44; *Gilleran*, 992 F.2d at
14 233.

15      In order to establish a *prima facie* case for enforcement of an IRS summons, the
16 government need only make a "minimal" showing that (1) the investigation will be
17 conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the
18 purpose; (3) the information sought is not already within the IRS's possession; and (4)
19 that the administrative steps required by the Internal Revenue Code have been followed.
20 *Crystal*, 172 F.3d at 1143-44, citing *Powell*, 379 U.S. at 57-58. The government's
21 "burden is minimal 'because the statute must be read broadly in order to ensure that the
22 enforcement powers of the IRS are not unduly restricted.'" *Crystal*, 172 F.3d at 1144
23 (quoting *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir.
24 1985)). Once the Government has made its *prima facie* case, the summoned party bears
25 the "heavy" burden to "disprove the actual existence of a valid civil tax determination or
26 collection purpose by the Service[.]" *Crystal*, 172 F.3d at 1144.

27      Normally, the government makes the "good faith" showing of materiality and
28 relevancy required by *Powell* in the petition to enforce the summons and the

1  accompanying declaration of the issuing IRS agent.  *See Crystal*, 172 F.3d at 1144

2  (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)).

3       As to the required showing of relevance, the Supreme Court stated in *United*

4  *States v. Arthur Young & Co.*, 465 U.S. 805, 814, 104 S. Ct. 1495, 1501, 79 L. Ed. 2d

5  826 (1984):

6            As the language of § 7602 clearly indicates an IRS summons is not to

7       be judged by the relevance standards used in deciding whether to admit

8       evidence in federal court.  *Cf.* Fed. Rule Evid. 401. The language "may be"

9       reflects Congress' express intention to allow the IRS to obtain items of even

10      <u>potential</u> relevance to an ongoing investigation without reference to its

11      admissibility. The purpose of Congress is obvious: the Service can hardly

12      be expected to know whether such data will in fact be relevant until it is

13      procured and scrutinized. As a tool of discovery, the § 7602 summons is

14      critical to the investigation and enforcement functions of the IRS, *see*

15      [*Powell*, 379 U.S. at 57]; the Service therefore should not be required to

16      establish that the documents it seeks are actually relevant in any technical,

17      evidentiary sense.

18  (emphasis in original).  All that needs to be shown is that the summoned documents

19  might shed light on the tax liabilities under examination.  *See United States v. Ryan*, 455

20  F.2d 728, 733 (9th Cir. 1972).

21       "Once the Government has established its *prima facie* case, the district court

22  issues an order requiring the party on whom the summons has been served to show

23  cause, at an enforcement hearing, why compliance with the summons should not be

24  required." *United States v. Samuels, Kramer and Co.*, 712 F.2d 1342, 1345 (9th Cir.

25  1983). The burden of proof is shifted to the person challenging the summons to "refute

26  the Government's *Powell* showing of good faith to oppose successfully the enforcement

27  of an IRS summons." *Id.* at 1346; *see also Crystal*, 172 F.3d at 1144. "The taxpayer may

28  challenge and attempt to rebut the *prima facie* case of good faith the government has

6

1   established or attempt to show that enforcement of the summons would otherwise

2   constitute an abuse of process." *Gilleran*, 992 F.2d at 233; *see also Crystal*, 172 F.2d at

3   1144. "The taxpayer, however, carries a heavy burden of convincing the district court to

4   deny enforcement." *Stuckey*, 646 F.2d at 1372; *accord Crystal*, 172 F.3d at 1144.

5        "'[S]ummons enforcement proceedings should be summary in nature and

6   discovery should be limited.'" *Derr*, 968 F.2d at 945, quoting *Stuart*, 489 U.S. at 369,

7   quoting S. Rep. No. 97 494, 97th Cong. 2d Sess., vol. 1, 285 (1982); *see also Church of*

8   *Scientology*, 520 F.2d at 821.[1] "'The taxpayer must allege specific facts and evidence to

9   support his allegations' of bad faith or improper purpose." *Crystal*, 172 F.3d at 1144

10  (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)) and *Liberty*

11  *Financial Services*, 778 F.2d at 1392. A party opposing the summons must be able to

12  come forward with at least "a minimal amount of evidence just to entitle him or her to an

13  evidentiary hearing." *Stuckey*, 646 F.2d at 1372.[2] In this Circuit, the Court may allow

14  limited discovery "only if the taxpayer can make a substantial preliminary showing of

15  abuse or wrongdoing." *Id.* at 1374.

16       In *Donaldson*, 400 U.S. at 528-29, the Supreme Court noted that Rule 81(a)(3) of

17  the Federal Rules of Civil Procedure allows the Court to limit the application of the

18  federal rules in summons enforcement proceedings. In keeping with the summary nature

19

---

20  [1] The Fifth Circuit has discussed the procedure to be followed in summons enforcement proceedings:

21       To ascertain whether there is any basis for questioning the summons, the traditional show cause
         order is an effective and appropriate procedural tool. Indeed, it harmonizes procedure with the
22       substantive principle that puts the burden on the summoned party "of showing an abuse of the
         court's process." *Powell*, (note 17, supra). In no way does its use extinguish the adversary
23       proceeding which the decisions call for. Rather it is a principle means by which the enforcing
         Court can determine whether there is anything to "hear" and if so to give proper scope and
24       direction to an orderly, but expeditious, adjudication of the points in controversy.

25  *United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971).

26  [2] Speculative and conclusory statements are insufficient as a matter of law to quash an administrative
    summons. *See United States v. Cathcart*, 409 Fed. Appx. 74, 76 (9th Cir. 2010); *United States v. Rose*,
27  207 Fed. Appx. 859, 861 (9th Cir. 2006); *see also United States v. Clarke*, --U.S.--, 2014 WL2765284,
    *5 (June 19, 2014)("Naked allegations of improper purpose are not enough" to entitle taxpayer to
28  examine IRS agent).

1     of these proceedings, the show cause order is an appropriate tool to place the burden of

2     proof on the summoned party after the government's *prima facie* case has been made.

3        If no substantial challenge to the validity of the summons is made in a sworn

4     affidavit or declaration alleging specific facts, the matter should be decided on the

5     pleadings before the district court with no further proceedings, the summons should be

6     enforced, and the IRS should be allowed to obtain the summoned testimony, books,

7     papers, records, and other data. *See, e.g., Liberty Financial Services*, 778 F.2d at 1392-

8     93 (IRS affidavit was not controverted).

9        "Enforcement of a summons is generally a summary proceeding to which a

10    taxpayer has few defenses." *Derr*, 968 F.2d at 945; *accord Crystal*, 172 F.3d at 1144.

11    "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued

12    the summons for proper purpose and in good faith, and ... the district court is strictly

13    limited to enforcing or denying IRS summonses." *Jose*, 131 F.3d at 1328-29.

## II.     CONCLUSION

15        Accordingly, the filing of the petition to enforce IRS summons and the declaration

16    of the issuing IRS agent establish the government's *prima facie* case for enforcement of

17    the summons. As attested to in the Declaration of A. Nadres, the IRS is conducting an

18    investigation to determine the tax liabilities of the taxpayer, collect those liabilities, or

19    both, for the tax periods identified in the summons; the information sought by the

20    summons may be relevant to that purpose; the IRS does not already have possession of

21    the information sought; and the administrative steps required by the Internal Revenue

22    Code for issuance and service of the summons were followed. The Court should now

23    issue an order directing Respondent to show cause why the IRS summons should not be

24    enforced.

25    //

26    //

27    //

28    //

1        If Respondent fails to respond to or rebut the government's *prima facie* case for

2  enforcement, then the Court should later issue an order enforcing the IRS summons and

3  compelling Respondent to appear before an authorized representative of the IRS at a

4  time and place to be determined by the IRS, and give testimony and produce the books,

5  records, papers, and other data for examination and copying as required by the IRS

6  summons.

7                           Respectfully submitted,

8  Date: July 22, 2014          ANDRÉ BIROTTE JR.
                                United States Attorney

9                           SANDRA R. BROWN
                                Assistant United States Attorney

10                        Chief, Tax Division

11

12                                /s/

13                        BENJAMIN L. TOMPKINS
                                Assistant United States Attorney

14

15                        Attorneys for Petitioner
                                UNITED STATES OF AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION IN SUPPORT OF PETITION TO ENFORCE
## INTERNAL REVENUE SERVICE SUMMONS

Summoned Party:   Ivory M. Stuckey

Taxpayers:        Ivory M. Stuckey

I, A. Nadres, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.        My name as used and signed in the summons and this declaration is an authorized, registered pseudonym under federal law and the regulations of the Internal Revenue Service.

2.        I am over eighteen years of age, and I am not a party to the government's federal court case to enforce the subject summons.

3.        I am employed as a Revenue Officer of the Internal Revenue Service ("IRS"), with a post of duty in El Segundo, California.  I am authorized to issue IRS summonses under the authority of § 7602 of Title 26 of the United States Code ("U.S.C.") the Internal Revenue Code ("IRC").  See Treas. Reg. § 301.7602-1 (26 C.F.R.); see also IRS Delegation Order No. 25-1 (as revised).

4.        As a Revenue Officer, my duties include collecting delinquent tax accounts, securing delinquent tax returns, filing and releasing Federal tax liens, performing credit analyses and evaluations of assets, and conducting tax investigations of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayer's correct tax liability, and in cases where the required returns are not filed, I also assist the IRS in investigating whether such returns should have been filed and determining the taxpayer's correct tax liability.

5.        In my capacity as a Revenue Officer, I am conducting an investigation into the federal tax liabilities of Ivory M. Stuckey (the "taxpayer" or "summoned party") for the taxable periods ended December 31, 2007, December 31, 2008, and December 31, 2009 (also known as the tax years 2007, 2008, and 2009), which federal tax liabilities

1

are hereinafter collectively referred to as the "subject taxable periods," "subject tax periods," and "subject tax years".

6. The purpose of the investigation is to make a determination on the collectability of the taxpayer's outstanding assessed tax liabilities for the subject tax years.

7.    As of the date of this declaration, I have not made any of the final determinations referred to in the immediately preceding paragraph.

8.    On March 4, 2014, in furtherance of the above-referenced investigation and in accordance with 26 U.S.C. § 7602, I issued an administrative summons, IRS Form 6637, to Ivory M. Stuckey ("summoned party" and "Respondent") to appear on March 20, 2014, before the IRS to give testimony and to produce for examination books, records, papers, and other data as described in the IRS summons. A true and correct copy of the summons is attached hereto as **Exhibit 1**.

9.    On March 7, 2014, in accordance with 26 U.S.C. § 7603, I served an attested duplicate original copy of the IRS summons described in the immediately preceding paragraph on the summoned party, which I accomplished by leaving a duplicate original copy of the summons, which contained the attestation required by 26 U.S.C. §7603, at the last and usual place of the abode of Ivory M. Stuckey, the person to whom it was directed. I left the copy of the summons in a sealed envelope addressed to the summoned party, attached to the front door. A true and correct copy of the certificate of service with respect to the summons is attached hereto as **Exhibit 2**.

10. On March 20, 2014, the summoned party failed to appear before the IRS in response to the summons, and the summoned party has not produced the documents, records, and other information described in the summons. The summoned party has not otherwise provided the summoned information. The Respondent's failure to comply with the summons continues to the date of this declaration.

11.    On April 21, 2014, IRS Counsel Attorney Halvor R. Melom sent the summoned party a "last-chance" letter indicating that unless the summoned party

provided the testimony, documents, records, and other information described in the summons by May 7, 2014, legal proceedings would be brought against the summoned party in the United States District Court for not complying with the summons. A true and correct copy of the letter is attached hereto as **Exhibit 3**.

12. On May 7, 2014, the summoned party failed to appear before the IRS and provide the information requested in the summons.

13. As of the date of this declaration, the summoned party has not given the testimony and has not produced the books, papers, records, and other data sought by the IRS summons.

14. The testimony sought by the IRS summons is not already in the possession of the IRS.

15. The books, papers, records, and other data sought by the IRS summons are not already in the possession of the IRS.

16. All administrative steps required by the IRC in connection with the issuance and service of the IRS summons have been taken.

17. The testimony and the books, records, papers, and other data demanded by the IRS summons are necessary for the determination on the collectability of the taxpayer's federal tax liabilities, and the determination of whether there are other parties who are liable for federal taxes on whose behalf the Respondent received income.

18. No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(c), is in effect with respect to the taxpayer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _5/28/14_                                  2014, at El Segundo, California.


                                                A. Nadres
                                                Revenue Officer
                                                Internal Revenue Service

3



# Summons

## Collection Information Statement

In the matter of  IVORY M STUCKEY, ▓▓▓▓▓▓▓▓ LOS ANGELES, CA ▓▓▓▓▓▓

Internal Revenue Service *(Identify Division)*  SMALL BUSINESS/SELF EMPLOYED

Industry/Area *(Identify by number or name)*  SB/SE AREA 7 (27)

Periods:  Form 1040 for the calendar periods ending December 31, 2007, December 31, 2008 and December 31, 2009

### The Commissioner of Internal Revenue

To:  IVORY M STUCKEY

At:  ▓▓▓▓▓▓▓▓▓ LOS ANGELES, CA ▓▓▓▓

You are hereby summoned and required to appear before A. NADRES, an Internal Revenue Service *(IRS)* officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From 08/02/2013  To PRESENT

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement.

## Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

222 N. SEPULVEDA BLVD.,  STE 800,  EL SEGUNDO  CA  90245-4341  (310) 414-4743

**Place and time for appearance:** At  222 N. SEPULVEDA BLVD.,  STE 800,  EL SEGUNDO,  CA  90245-4341

# IRS

Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 6637 (Rev.10-2010)
Catalog Number 25000Q

on the  20th  day of  March ,  2014  at  2:30  o'clock  p m.

Issued under authority of the Internal Revenue Code this 4th  day of  March ,  2014

A. NADRES

Signature of issuing officer

_____
Signature of approving officer *(if applicable)*

REVENUE OFFICER

Title

Group Manager

Title

**Original** – to be kept by IRS

Declaration of A. Nadres

Exhibit 1



# Certificate of
# Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| 3-7-14 | 8:45 am |

**How**

**Summons**

**Was**

**Served**

☐ I handed an attested copy of the summons to the person to whom it was directed.

☑ I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (*if any*).

| Signature | Title |
|-----------|-------|
|  | Rev. Officer |

I certify that the copy of the summons served contained the required certification.

| Signature | Title |
|-----------|-------|
|  | Rev. Officer |

Catalog No. 25000Q

Form 6637 (Rev. 10-2010)

Declaration of A. Nadres
Exhibit 2



OFFICE OF THE CHIEF COUNSEL

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
3018 FEDERAL BUILDING
300 N. LOS ANGELES STREET
LOS ANGELES, CALIFORNIA 90012
(213) 894-3027
FAX: (213) 894-6548

CC:SB:8:LA:1:HRMelom
GL-116405-14

APR 2 1 2014

**Via Certified Mail**

Ivory M. Stuckey
�the
Los Angeles, CA ▬▬▬▬

Dear Ivory M. Stuckey:

Small Business/Self-Employed California Area Collection of the Internal Revenue Service has notified our office that you did not comply with the provisions of the summons served on you on March 7, 2014. Under the terms of the summons, you were required to appear before Revenue Officer A. Nadres on March 20, 2014.

Legal proceedings may be brought against you in the United States District Court for not complying with this summons. To avoid such proceedings, you are to appear before Revenue Officer:

Name:    A. Nadres
Date:    May 7, 2014
Time:    8:30 a.m.
Address: 222 N. Sepulveda Blvd.
         Suite 800
         El Segundo, CA 90245-4341

Declaration of A. Nadres
Exhibit 3

GL-116405-14                                2

Any books, records or other documents called for in the summons should be produced
at that time.  If you have any questions, please contact Revenue Officer A. Nadres at
(310) 414-4743.

Sincerely,

Halvor R. Melom
General Attorney (Los Angeles, Group 1)
(Small Business/Self-Employed)

cc:     A. Nadres
        Revenue Officer
        222 N. Sepulveda Blvd.
        Suite 800
        El Segundo, CA 90245-4341



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
APR 21 2014
FEDERAL FINANCE STA
LA CA 90053 USPS

Sent To  Ivory M. Stuckey
Street, Apt. No.; or PO Box No. ██████
City, State, ZIP+4  Los Angeles, CA ██████

PS Form 3800, August 2006                    See Reverse for Instructions

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| UNITED STATES OF AMERICA | IVORY M. STUCKEY |

| (b) County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant   Los Angeles |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| Benjamin L. Tompkins, Assistant United States Attorney<br>300 N. Los Angeles Street, Suite 7211<br>Los Angeles, CA 90012<br>Tel. No. (213) 894-6165   Fax (213) 894-0115 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Petition to Enforce IRS Summons Pursuant to 26 U.S.C. Sections 7402(b) and 7604(a)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | | CV14-5702 |
|---|---|---|---|

| CV-71 (06/14) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☒ Yes  ☐ No | | ☒ NO.  Continue to Question B.2. |
| If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO.  Continue to Question C.2. |
| If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION.  Enter "Southern" in response to Question E, below, and continue from there.  If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION.  Enter "Eastern" in response to Question E, below.  If "no," your case will be assigned to the WESTERN DIVISION.  Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any cases previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A.  Arise from the same or closely related transactions, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply.  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____          DATE: July 22, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |